ROGERS, Justice.
 

 Walter C. Dwyer, receiver of the Geo. D. Geddes Undertaking & Embalming Company, Ltd., has moved to dismiss the appeal of Joseph P. Geddes, a stockholder and creditor of the corporation. The appeal is from a judgment dismissing the rule taken by the appellant to terminate the receivership a.nd for an order to sell the property and distribute the" corporate assets.
 

 The motion to dismiss is based on two grounds; the first is that a reversal of the judgment cannot avail appellant, as, admittedly, the corporation is insolvent and the corporation’s debt to appellant cannot be paid. The second is that the judgment appealed from having been rendered on
 
 *369
 
 January 13th, 1936, the question of whether the receivership should be terminated has become a moot question. The motion to dismiss cannot be sustained.
 

 When it appears that there is no reasonable ground to believe that the property of a corporation in receivership can be so administered as to pay its debts and the possession thereof restored to the corporation, the receivership, on the application of any party in interest, may be terminated. Section 10, Act No. 159 of 1898. Davies v. Monroe Waterworks & Light Company, 107 La. 145, 31 So. 694.
 

 The appellant as a stockholder and creditor has an interest in seeing that the receivership is properly administered and closed. As a stockholder he is entitled to have his eventual rights determined and as a creditor he is entitled to have his claim recognized, even though in the final analysis no pecuniary gain may accrue to him.
 

 The probability that the funds realized from the sale of the corporate assets may be absorbed by claims prior in rank to those asserted by the appellant is no ground for dismissing his appeal. Succession of Bothick, 110 La. 109, 34 So. 163.
 

 The judgment appealed from was rendered on January 13, 1936, and, after appellant’s motion for a new trial had been overruled, was reinstated on October 28, 1936. Appellee argues that, as the receiver has continued to operate the business, and as the condition of the corporation may have changed since the judgment was rendered, a decree either affirming or reversing the judgment would be ineffective. Hence, appellee contends the appeal presents no actual controversy and that any decision as to the correctness vel non of the judgment appealed from would be a decision on a moot question.
 

 The judgment is in its nature appealable, and the appeal was granted and perfected. Appellant’s right to be heard cannot be defeated, unless it be shown that the appeal presents only a moot question. The burden of showing that is on the appellee. But appellee has not discharged the burden. Appellee’s mere suggestion that such is the case is wholly insufficient to present the question. Nor can it be presumed because of the mere lapse of time between the rendition of the judgment and the perfecting of the appeal.
 

 Unless there is some showing, which there is not, that since the rendition of the judgment the receivership has terminated or that the corporation in receivership has become a solvent institution, there is nothing moot in the question before the court. In the absence of any showing to the contrary the court has the right to presume that the condition of the corporation is the same as it was at the time the judgment appealed from was rendered. And the only question before the court is whether the judgment is correct or not. That question cannot be decided on a motion to dismiss. It belongs to the merits of the case.
 

 For the reasons assigned. The motion to dismiss the appeal is denied.
 

 HIGGINS, J., takes no part,