**4 So.2d 811**

## WOODS MFG. CO. v. SOUTHERN SALES CO., Inc.

### No. 36375.

### Nov. 3, 1941.

Chandler & Chandler and H. M. Holder, all of Shreveport, for appellant.

·Cook, Cook & Egan and Albert T. Hughes, Jr., all of Shreveport, for appellee.

FOURNET, Justice.

This case is before us on appellee's motion to dismiss the appeal taken from the judgment of the lower court dismissing proceedings instituted by his (appellee's) co-receiver to liquidate the affairs of the Southern Sales Company, Inc., in receivership, to which proceedings the appellee was made a party defendant.

The affairs of the Southern Sales Company, Inc., have been in receivership since February 13, 1932, being administered up until February 10, 1938, by James S. McConathy, now deceased. From February 15, 1938, they have been administered by William R. Bledsoe (the appellant) and J. S. McConathy, Jr. (the appellee), as co-receivers. On May 31, 1941, Bledsoe applied to the court for an order directing and authorizing the co-receivers to cease the operation of the business as a going concern and proceed with the liquidation of its affairs, praying that a rule be served on his co-receiver (McConathy) to show cause why the relief sought should not be granted, McConathy having refused to join in the application and recommendation. An opposition to the application was filed by ten of the corporation's creditors. The trial judge ex proprio motu removed the co-receivers and appointed a new receiver in their stead on June 18, 1941, and, subsequently, on June 23, recalled and dismissed the rule taken by Bledsoe against McConathy on May 31, 1941, wherein the liquidation of the business was sought. Bledsoe has appealed from that judgment as a stockholder of the corporation.

The basis of appellee's motion is that the appeal presents a moot question for "a judgment in favor of the appellant would be ineffective and a vain thing, because neither of the parties to this appeal has any authority or power since his or their removal, to liquidate or otherwise deal with the receivership and the assets of the receivership in the custody of the court."

There is no merit to this contention. Bledsoe's primary purpose in taking the

rule was to have the affairs of the corporation liquidated; the fact that McConathy was made a party defendant was only incidental to the principal demand. Whether or not Bledsoe and McConathy have been removed as co-receivers, necessitating the administering of the affairs of the corporation by a receiver other than either the appellant or the appellee, is of no moment, for Bledsoe has appealed as a stockholder of the corporation and, as such, he has an interest in seeing that its affairs are liquidated. In re Geddes Undertaking & Embalming Company, 188 La. 366, 177 So. 240. This interest gives him a right of appeal. See Article 571 of the Code of Practice and Succession of Burg, 194 La. 985, 195 So. 513.

For the reasons assigned, the motion to dismiss the appeal is denied.

ROGERS, J., dissents, being of the opinion that the appeal presents only a moot question.